**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
Miguel Sampedro



Miguel Sampedro, Individually
and on Behalf of All Other
Persons Similarly Situated

           Plaintiffs,

        - vs. -

264 W 40 Food LLC, d/b/a
Teleon Café, Petros ("Peter")
Skonderiklis, and Jimmy
Boyasky,

          Defendants.

CASE NO. 08-CV-0290

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

**NATURE OF THE ACTION**

1.  Plaintiff Miguel Sampedro (hereinafter referred to as "Sampedro") alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants 264 W 40 Food LLC, d/b/a Teleon Café, Petros ("Peter") Skonderiklis, and Jimmy Boyasky (hereinafter referred to as "defendants") and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled

to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because defendants' violations were willful.

2. Sampedro further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages and liquidated damages from defendants for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

3. Sampedro further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from defendants for defendants' willful failure to pay in excess of the state-mandated minimum wage in violation of New York Labor Law § 652.

employees, set wages and schedules, and retain their records.

10.  Upon information and belief, defendant Jimmy Boyasky is a principal of 264 W 40 Food LLC, d/b/a Teleon Café, and has the power to hire and fire employees, set wages and schedules, and retain their records.

## JURISDICTION AND VENUE

11.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Sampedro's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Sampedro's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

13.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

14.  Pursuant to 29 U.S.C. § 207, Sampedro seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since January

10, 2005, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable.

16. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 100 members of the class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

17. Sampedro will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

18. Sampedro has no interest that is contrary to, or in conflict with, the members of this collective action.

19. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

20. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

21. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

22. Among the common questions of law and fact under the FLSA common to Sampedro and other Collective Action Members are the following:

    a. whether defendants employed the Collective Action Members within the meaning of the FLSA;

    b. whether defendants failed to keep true and accurate time records for all hours worked by Sampedro and the Collective Action Members;

c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   whether defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Sampedro and the Collective Action Members are employed in violation of C.F.R. § 516.4;

e.   whether defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

f.   whether defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.   whether defendants are liable for all damages claimed hereunder including, but not limited to, compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

h.   whether defendants should be enjoined from such violations of the FLSA in the future.

23.   Sampedro knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

24.   Sampedro sues on his own behalf and on behalf of a class of persons under Fed.R.Civ.P. 23(a), (b)(2), and (b)(3).

25.   Sampedro brings his New York Labor Law claims on behalf of all persons who were employed by defendants at any time since January 10 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law, and who have not been paid overtime wages in violation of the New York Labor Law (the "Class").

26.   The persons in the Class identified above are so numerous that joinder of all members is impracticable.

27.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 200 members of the Class during the Class Period.

28.   The claims of Sampedro are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication

of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

29. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30. Sampedro is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31. Sampedro has the same interests in this matter as all other members of the Class, and Sampedro's claims are typical of the Class.

32. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class including, but not limited to, the following:

>    a. whether defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether defendants failed to keep true and accurate time records for all hours worked by Sampedro and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of ten hours per day and/or forty hours per workweek within the meaning of the New York Labor Law;

e. whether defendants failed and/or refused to pay the members of the Class the state-mandated minimum wage;

f. whether defendants' violations of New York Labor Law are willful as that term is used within the context of the statute;

g. whether defendants are liable for all damages claimed hereunder including, but not limited to, interest, costs and disbursements, and attorneys' fees; and

h. whether defendants should be enjoined from such violations of the New York Labor Law in the future.

## FACTS

33. At all relevant times, defendants owned and operated restaurants open to the general public.

34. From approximately March 2007 to early December 2007, Sampedro was employed as a dishwasher by defendants at one of their facilities located in Manhattan.

35. Sampedro's work was performed in the normal course of defendants' business and was integrated into the business of defendants.

36. The work performed by Sampedro required little skill and no capital investment.

37. Sampedro's duties did not include managerial responsibilities or the exercise of independent judgment.

38. Sampedro often worked in excess of forty hours per week, yet defendants willfully failed to pay Sampedro overtime compensation of one-and-one-half times his regular hourly rate in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

39. Sampedro often worked in excess of ten hours per day, yet defendants willfully failed to pay Sampedro one

additional hour's pay at the minimum wage for each day he worked more than ten hours in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

40. At all relevant times herein, Sampedro was routinely paid at the rate of $7.00 per hour, less than the statutory minimum wage in New York of $7.15 per hour during the period of his employment with defendants.

41. Upon information and belief, throughout the period of Sampedro's employment, both before that time (throughout the Class Period) and continuing until today, defendants have likewise employed other individuals like Sampedro (the Collective Action Members/the Class) in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Moreover, these individuals do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

43. These other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times

their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. As stated above, the exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

45. Upon information and belief, while defendants employed Sampedro and the Collective Action Members/the Class, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## COUNT I

### (Fair Labor Standards Act - Overtime)

46. Sampedro, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed, and/or continue to employ, Sampedro and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to

13

their employees for the employees' hours worked in excess of forty hours per workweek.

49. As a result of defendants' willful failure to compensate their employees, including Sampedro and the Collective Action members, at a rate not less that one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to defendants' FLSA violations, Sampedro, on behalf of himself, and the Collective Action members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

52. Sampedro, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by

14

reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Sampedro and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Sampedro's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seg.* and its supporting regulations in 12 N.Y.C.R.R § 137.

55. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

56. Defendants' New York Labor Law violations have caused Sampedro and the members of the Class irreparable harm for which there is no adequate remedy at law.

57. Due to defendants' New York Labor Law violations, Sampedro and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

58. Sampedro, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Sampedro and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Sampedro's rights and the rights of the members of the Class by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

61. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

62. Defendants' New York Labor Law violations have caused Sampedro and the members of the Class irreparable harm for which there is no adequate remedy at law.

63. Due to defendants' New York Labor Law violations, Sampedro and the members of the Class are entitled to recover from defendants their unpaid compensation,

16

liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT IV

### (New York Labor Law — Minimum Wage)

64. Sampedro, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Sampedro and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Sampedro's rights and the rights of the members of the Class by failing to pay them a salary in excess of the minimum wage in violation of the New York Labor Law §§ 652 and its regulations.

67. Defendants' failure to pay salaries in excess of minimum wage was willful within the meaning of New York Labor Law § 663 and supporting regulations.

68. Defendants' New York Labor Law violations have caused Sampedro and the members of the Class irreparable harm for which there is no adequate remedy at law.

69.   Due to defendants' New York Labor Law violations, Sampedro and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Sampedro, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Sampedro and his counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29

U.S.C. § 216(b), and appointing Sampedro and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Punitive damages;

h. An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:  January 10, 2008

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff,
Miguel Sampedro
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff Sampedro demands a trial by jury on all questions of fact raised by this complaint.

Dated:  January 10, 2008

_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff,
Miguel Sampedro
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

21

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Miguel Sampedro, Individually
and on Behalf of All Other
Persons Similarly Situated

                    Plaintiffs,

           - vs. -

264 W 40 Food LLC, d/b/a
Teleon Café, Petros ("Peter")
Skonderiklis, and Jimmy
Boyasky,

                  Defendants.

CASE NO. 08-CV- _____

**CONSENT TO SUE**

    I hereby consent to be a plaintiff in the lawsuit named <u>Miguel Sampedro, et al. v. 264 W 40 Food LLC, d/b/a Teleon Café, et al</u>. I hereby consent to the prosecution of any claims that I may have under the Fair Labor Standards Act and New York Labor Law for, *inter alia*, unpaid overtime, minimum wages, liquidated damages, attorneys' fees, costs, and other relief against defendants.

    I authorize the law firm of Samuel & Stein, its successors and assigns, to represent me in this case.

    By signing this Consent to Sue, I understand that I will be represented by the law firm of Samuel & Stein without prepayment of attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that the law firm of Samuel & Stein may petition the Court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from defendants or one-third of my total settlement or judgment amount (including fees), whichever is greater.

Dated:  January 9, 2008

                             _____

                             Miguel Sampedro
                             426 E. 153rd St., #3F
                             Bronx, New York 10455

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Miguel Sampedro, Individually and on Behalf of All Other Persons Similarly Situated<br><br>Plaintiffs,<br><br>- vs. -<br><br>264 W 40 Food LLC, d/b/a Teleon Café, Petros ("Peter") Skonderiklis, and Jimmy Boyasky,<br><br>Defendants. | CASE NO. 08-CV-<br>_____<br><br>**El CONSENTIMIENTO para DEMANDAR** |

Yo por la presente consiento en ser un demandante en el pleito denominado <u>Miguel Sampedro, et al. v. 264 W 40 Food LLC, d/b/a Teleon Café, et al</u>. Yo por la presente consiento a la prosecución de cualquier reclamo que puedo tener bajo los Estándares Justos de Partido Laborista Actúa y la Ley de Nueva York Partido Laborista para, entierra alia, tiempo extraordinario impagado, los salarios mínimos, los daños liquidados, los abogados' los honorarios, los costos, y otro alivio contra acusados.

Autorizo el bufete de abogados de Samuel & Stein, sus sucesores y asigno, para representarme en este caso.

Firmando este Consentimiento para Demandar, entiendo que seré representado por el bufete de abogados de Samuel & Stein sin el pago por adelantado de abogados' los honorarios. Entiendo que si demandantes tienen éxito, los costos gastados por abogados en mi beneficio serán descontados de mi arreglo o el juicio primero. Entiendo que el bufete de abogados de Samuel & Stein puede peticionar el Tribunal para un premio de honorarios y costos para ser pagado por acusados en mi beneficio. Entiendo que los honorarios retenidos por los abogados serán o la cantidad recibida de acusados o tercera parte de mi cantidad total del arreglo o el juicio (inclusive honorarios), el que es más grande.

Dated:  January 9, 2008

_____
Miguel Sampedro
426 E. 153rd St., #3F
Bronx, New York 10455